# EXHIBIT "A"

Filing # 58841734 E-Filed 07/11/2017 12:34:11 PM

IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA
CIVIL DIVISION

JESSICA FOLEY,

        Plaintiff,

vs.

CASE NO.: 2017-CA-6373

FRONTIER AIRLINES, INC., a Foreign
Profit Corporation,

        Defendant.
_____/

PERSON SERVED: _____
DATE 7/31/17 TIME 2300
PROCESS SERVER: _CMC____ 101

**SUMMONS**

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

        YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

        **Frontier Airlines, Inc.**
        **c/o Registered Agent- Corporation Service Company**
        **1201 Hays Street**
        **Tallahassee, FL 32301-2525**

        Each Defendant is hereby required to serve written defenses to said Complaint or Petition on MATTHEW GUNTER, ESQ, Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

## **REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES**

Eagle Legal Services
424 E. Central Blvd, #337
Orlando, FL 32801

1

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, **ORANGE COUNTY COURTHOUSE, 425 N. ORANGE AVENUE, SUITE 510, ORLANDO, FLORIDA, (407) 836-2303,** at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the _____ day of _____, ____.

Tiffany Moore Russell
Clerk of the Circuit Court
 /s Elsie M. Carrasquillo,
 Deputy Clerk
By__2017.07.13 15:16:05 -04'00'__
As Deputy Clerk



Civil Division
425 N. Orange Avenue
Room 310
Orlando, Florida 32801

2

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez

3

telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

                **MORGAN & MORGAN, P.A.**
                **POST OFFICE BOX 4979**
                **20 NORTH ORANGE AVENUE, SUITE 1600**
                **ORLANDO, FLORIDA 32802-4979**

IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA
CIVIL DIVISION

JESSICA FOLEY,

      Plaintiff,

vs.

                                      CASE NO.:

FRONTIER AIRLINES, INC., a Foreign
Profit Corporation,

      Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JESSICA FOLEY ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant, FRONTIER AIRLINES, INC., a Foreign Profit Corporation, ("Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff, JESSICA FOLEY, brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

3. This is an action for damages in excess of $15,000.00, excluding attorney's fees and costs

4. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred

1

in Orange County, Florida.

## PARTIES

5. At all times material to this action, Plaintiff was a resident of Orange County, Florida.

6. At all times material to this action, FRONTIER AIRLINES, INC. was, and continues to be a Foreign Profit Corporation.

7. Further, at all times material to this action, Defendant was, and continued to be, engaged in business in Florida, doing business in Orange County, Florida.

8. From approximately October 2015 until her termination in June 15, 2017, Plaintiff was employed as a flight attendant working primarily out of Orlando International Airport located at 1 Jeff Fuqua Blvd, Orlando, Florida 32827.

9. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

10. At all times material to this action, Defendant was, and continues to be, "employers" within the meaning of the FMLA.

11. FRONTIER AIRLINES, INC. is an employer under the FMLA because they were engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

12. At all times relevant hereto, Plaintiff worked at a location where FRONTIER AIRLINES, INC. employed 50 or more employees within a 75 mile radius.

13. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer for at least 12 months and

worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FMLA ALLEGATIONS

14. At all times relevant to this action, FRONTIER AIRLINES, INC. failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised her rights pursuant to the FMLA. Defendant interfered with Plaintiff's right to take FMLA leave, and discriminated and retaliated against Plaintiff because she was seeking FMLA leave.

15. During her employment with Defendant, on or about May 22nd, 2017, Plaintiff acquired a serious health condition that made her unable to perform the essential functions of her job for a period of time. Specifically, Plaintiff was diagnosed with a highly contagious acute conjunctival eye infection, specifically caused by adenovirus.

16. On or about May 26th, 2017 Plaintiff was advised by her doctor that she could not work until her eye virus ran its course and was no longer contagious.

17. That same day, on May 26th, 2017 Plaintiff requested an FMLA application from Defendant and was placed on a medical leave of absence while awaiting delivery of FMLA application to Plaintiff.

18. On May 29th, 2017 Plaintiff notified/reminded Defendant that she would not be able to work her scheduled trip that week due to the medical leave of absence.

19. On June 1st, 2017, Plaintiff received the FMLA application and was told she needed to complete the application by June 15th, 2017.

20. One June 2nd, 2017, Plaintiff notified Defendant via the Leave of Absence Department that her doctor still had not approved of her returning to work and therefore she would not be working the following week's trip planned to begin June 5th, 2017.

3

21. On June 5th, 2017 Plaintiff was contacted by Defendant via telephone that she was being written up as a "no show" for not showing up to work that morning.

22. Plaintiff then contacted her direct supervisor to find out why she was being written up even though she was on a medical leave of absence and in the process of submitting the FMLA application. Plaintiff was told she would be contacted by the Dependability Department.

23. Later that day, on June 5th, 2017, Defendant terminated Plaintiff via e-mail indicating that she was a "no-show" for work that day.

24. Plaintiff has made attempts to speak with Defendant to get her job back but has not been successful as of the date of filing this cause of action.

## COUNT I
## FMLA - INTERFERENCE WITH RIGHT TO TAKE LEAVE

25. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 24, above, as if fully set forth herein.

26. At all times relevant hereto, Defendant interfered with Plaintiff's right to take leave from work under the FMLA.

27. At all times relevant hereto, Defendant's interference with Plaintiff's right to take leave from work violated the FMLA.

28. In May 2017 Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

29. Plaintiff gave Defendant appropriate notice of her need to be absent from work due to her serious health condition, requested a FMLA application, and submitted said FMLA application.

30. Defendant interfered with the exercise of Plaintiff's right to unpaid leave, because Defendant terminated Plaintiff while she was on FMLA leave.

31. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

32. Because Defendant cannot show that its violation of the FMLA was in good faith Plaintiff is entitled to liquidated damages.

33. Defendant's violation of the FMLA was willful, as Plaintiff's direct manager engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, JESSICA FOLEY, demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## FMLA - RETALIATION

34. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 24, above, as if fully set forth herein.

35. At all times relevant hereto, Defendant retaliated against Plaintiff, at least in part because Plaintiff exercised her right to take leave from work that was protected under the FMLA.

36. At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA by terminating her employment for seeking time off work under the FMLA.

37. In May 2017 and Plaintiff suffered from a "serious health condition" within the meaning of the FMLA, and sought FMLA time off in on or about May 26th, 2017.

38. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

39. As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40. Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

41. Defendant's violation of the FMLA was willful, as its manager engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, JESSICA FOLEY, demands judgment against Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, punitive damages, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 7 day of July, 2017.

Respectfully submitted,

_/s/ Matthew R. Gunter_

Matthew R. Gunter, Esquire
FL Bar No.: 00077459
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, Ste. 1600
P.O. Box 4979
Orlando, FL 32802-4979
Tel: 407-236-0946
Fax: 407-867-4791
E-mail: MGunter@forthepeople.com
*Trial Counsel for Plaintiff*