IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA
CIVIL DIVISION

JESSICA FOLEY,

       Plaintiff,

vs.

CASE NO.:

FRONTIER AIRLINES, INC., a Foreign
Profit Corporation,

       Defendant.      /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JESSICA FOLEY ("Plaintiff"), through undersigned counsel, files this Complaint against Defendant, FRONTIER AIRLINES, INC., a Foreign Profit Corporation, ("Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff, JESSICA FOLEY, brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

3. This is an action for damages in excess of $15,000.00, excluding attorney's fees and costs

4. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred

1

in Orange County, Florida.

## PARTIES

5. At all times material to this action, Plaintiff was a resident of Orange County, Florida.

6. At all times material to this action, FRONTIER AIRLINES, INC. was, and continues to be a Foreign Profit Corporation.

7. Further, at all times material to this action, Defendant was, and continued to be, engaged in business in Florida, doing business in Orange County, Florida.

8. From approximately October 2015 until her termination in June 15, 2017, Plaintiff was employed as a flight attendant working primarily out of Orlando International Airport located at 1 Jeff Fuqua Blvd, Orlando, Florida 32827.

9. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

10. At all times material to this action, Defendant was, and continues to be, "employers" within the meaning of the FMLA.

11. FRONTIER AIRLINES, INC. is an employer under the FMLA because they were engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

12. At all times relevant hereto, Plaintiff worked at a location where FRONTIER AIRLINES, INC. employed 50 or more employees within a 75 mile radius.

13. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer for at least 12 months and

worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FMLA ALLEGATIONS

14.     At all times relevant to this action, FRONTIER AIRLINES, INC. failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised her rights pursuant to the FMLA. Defendant interfered with Plaintiff's right to take FMLA leave, and discriminated and retaliated against Plaintiff because she was seeking FMLA leave.

15.     During her employment with Defendant, on or about May 22nd, 2017, Plaintiff acquired a serious health condition that made her unable to perform the essential functions of her job for a period of time. Specifically, Plaintiff was diagnosed with a highly contagious acute conjunctival eye infection, specifically caused by adenovirus.

16.     On or about May 26th, 2017 Plaintiff was advised by her doctor that she could not work until her eye virus ran its course and was no longer contagious.

17.     That same day, on May 26th, 2017 Plaintiff requested an FMLA application from Defendant and was placed on a medical leave of absence while awaiting delivery of FMLA application to Plaintiff.

18.     On May 29th, 2017 Plaintiff notified/reminded Defendant that she would not be able to work her scheduled trip that week due to the medical leave of absence.

19.     On June 1st, 2017, Plaintiff received the FMLA application and was told she needed to complete the application by June 15th, 2017.

20.     One June 2nd, 2017, Plaintiff notified Defendant via the Leave of Absence Department that her doctor still had not approved of her returning to work and therefore she would not be working the following week's trip planned to begin June 5th, 2017.

21. On June 5th, 2017 Plaintiff was contacted by Defendant via telephone that she was being written up as a "no show" for not showing up to work that morning.

22. Plaintiff then contacted her direct supervisor to find out why she was being written up even though she was on a medical leave of absence and in the process of submitting the FMLA application. Plaintiff was told she would be contacted by the Dependability Department.

23. Later that day, on June 5th, 2017, Defendant terminated Plaintiff via e-mail indicating that she was a "no-show" for work that day.

24. Plaintiff has made attempts to speak with Defendant to get her job back but has not been successful as of the date of filing this cause of action.

## COUNT I
## FMLA - INTERFERENCE WITH RIGHT TO TAKE LEAVE

25. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 24, above, as if fully set forth herein.

26. At all times relevant hereto, Defendant interfered with Plaintiff's right to take leave from work under the FMLA.

27. At all times relevant hereto, Defendant's interference with Plaintiff's right to take leave from work violated the FMLA.

28. In May 2017 Plaintiff suffered from a "serious health condition" within the meaning of the FMLA.

29. Plaintiff gave Defendant appropriate notice of her need to be absent from work due to her serious health condition, requested a FMLA application, and submitted said FMLA application.

4

30. Defendant interfered with the exercise of Plaintiff's right to unpaid leave, because Defendant terminated Plaintiff while she was on FMLA leave.

31. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

32. Because Defendant cannot show that its violation of the FMLA was in good faith Plaintiff is entitled to liquidated damages.

33. Defendant's violation of the FMLA was willful, as Plaintiff's direct manager engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, JESSICA FOLEY, demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## FMLA - RETALIATION

34. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs 1 through 24, above, as if fully set forth herein.

35. At all times relevant hereto, Defendant retaliated against Plaintiff, at least in part because Plaintiff exercised her right to take leave from work that was protected under the FMLA.

36. At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA by terminating her employment for seeking time off work under the FMLA.

37. In May 2017 and Plaintiff suffered from a "serious health condition" within the meaning of the FMLA, and sought FMLA time off in on or about May 26th, 2017.

38.     At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

39.     As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40.     Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

41.     Defendant's violation of the FMLA was willful, as its manager engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, JESSICA FOLEY, demands judgment against Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, punitive damages, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated this 7 day of July, 2017.

Respectfully submitted,

/s/ Matthew R. Gunter

Matthew R. Gunter, Esquire
FL Bar No.: 00077459
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, Ste. 1600
P.O. Box 4979
Orlando, FL 32802-4979
Tel: 407-236-0946
Fax: 407-867-4791
E-mail: MGunter@forthepeople.com
*Trial Counsel for Plaintiff*