UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSICA FOLEY,

    Plaintiff,

v.

                                    CASE NO.:

FRONTIER AIRLINES, INC.,
a Foreign Profit Corporation,

    Defendant.

_____

**DEFENDANT'S ANSWER AND STATEMENT OF DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant FRONTIER AIRLINES, INC. ("FRONTIER AIRLINES" or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Statement of Defenses to Plaintiff's Complaint and Demand for Jury Trial ("Complaint") and states as follows:

**INTRODUCTION**

1.    Defendant admits, for jurisdictional purposes only, Plaintiff brought claims alleging interference and retaliation under the Family and Medical Leave Act ("FMLA"), seeking damages and other equitable and declaratory relief, including attorneys' fees and costs, but denies Plaintiff is entitled to any relief sought in the Complaint.

**JURISDICTION**

2.    Defendant admits, for jurisdictional purposes only, this Court has jurisdiction over Plaintiff's FMLA claims, but denies Plaintiff is entitled to any relief sought in the Complaint.

3.    Defendant admits, for jurisdictional purposes only, Plaintiff brought claims alleging interference and retaliation under the FMLA, seeking damages exceeding $15,000.00,

excluding attorneys' fees and costs, but denies Plaintiff is entitled to any relief sought in the Complaint.

4. Defendant admits, for venue purposes only, the alleged actions giving rise to Plaintiff's purported claims occurred in Orange County, Florida, but denies Plaintiff is entitled to any relief sought in the Complaint.

## PARTIES

5. Defendant is without knowledge regarding the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits it employed Plaintiff as a flight attendant from on or about October 4, 2015 to June 15, 2017, and Plaintiff primarily worked out of the Orlando International Airport located at 1 Jeff Fuqua Boulevard, Orlando, Florida.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint as they call for legal conclusions to which no response is required.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint as they call for legal conclusions to which no response is required.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint as they call for legal conclusions to which no response is required.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint as they call for legal conclusions to which no response is required.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint as they call for legal conclusions to which no response is required.

## FMLA ALLEGATIONS

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant is without knowledge regarding the allegations contained in paragraph 15 of the Complaint and, therefore, denies same.

16. Defendant is without knowledge regarding the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Defendant admits on May 26, 2017 Plaintiff requested FMLA paperwork. Defendant otherwise denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Defendant admits Plaintiff called out sick on or about May 30, 2017. Defendant otherwise denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant admits on June 1, 2017 Plaintiff received non-FMLA leave of absence paperwork with a return deadline of June 15, 2017. Defendant otherwise denies the remaining allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant admits on June 5, 2017, Plaintiff was contacted regarding her no show absence from work that day. Defendant otherwise denies the remaining allegations contained in paragraph 21 of the Complaint.

22. Defendant admits on June 5, 2017, Plaintiff was contacted regarding her no show absence from work that day and Plaintiff contacted her supervisor regarding same. Defendant otherwise denies the remaining allegations contained in paragraph 22 of the Complaint.

23. Defendant admits on June 15, 2017 Plaintiff was notified she was terminated effective June 15, 2017 based on her dependability record. Defendant otherwise denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

## COUNT I: FMLA – INTERFERENCE WITH RIGHT TO TAKE LEAVE

25. Defendant restates and incorporates herein by reference its answers to paragraphs 1 through 24 above as if fully set forth herein.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint as they call for legal conclusions to which no response is required.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

Defendant denies Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 33 of the Complaint, or to any other relief from Defendant.

## COUNT II: FMLA - RETALIATION

34. Defendant restates and incorporates herein by reference its answers to paragraphs 1 through 24 above as if fully set forth herein.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

4

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies Plaintiff "sought FMLA time off in on or about May 26th, 2017." Defendant further denies the remaining allegations contained in paragraph 37 of the Complaint as they call for legal conclusions to which no response is required.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

Defendant denies Plaintiff is entitled to the relief requested in the unnumbered "WHEREFORE" paragraph following paragraph 41 of the Complaint, or to any other relief from Defendant.

## DEMAND FOR TRIAL BY JURY

Defendant admits Plaintiff demands a jury trial on all issues triable in Plaintiff's Complaint. Defendant denies any liability or wrongdoing or that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendant specifically denies each and every allegation of Plaintiff's Complaint not specifically admitted herein.

## STATEMENT OF DEFENSES

As separate defenses, and without conceding Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

## FIRST DEFENSE

Plaintiff's claims fail, in whole or in part, to state a claim upon which relief can be

granted.

## SECOND DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to reasonably mitigate her damages. Defendant is entitled to a set-off against Plaintiff's claims for damages in the amount(s) Plaintiff did or could have earned through reasonable efforts.

## THIRD DEFENSE

Plaintiff's claims fail because any and all actions taken by Defendant with respect to Plaintiff's employment or the terms and conditions thereof, were based upon legitimate, non-discriminatory and non-retaliatory business reasons and were taken without regard to Plaintiff seeking to exercise her rights under the FMLA.

## FOURTH DEFENSE

Plaintiff's claims fail because, even if any decision concerning Plaintiff's employment was based in part on her seeking to exercise her rights under the FMLA, which it was not, Defendant would have reached the same decision with regard to Plaintiff's employment even in the absence of such factor.

## FIFTH DEFENSE

Plaintiff's claims are barred to the extent discovery shows Plaintiff engaged in misconduct prior to, during, or in connection with her employment that otherwise would have resulted in her discharge if such conduct was then known to Defendant.

## SIXTH DEFENSE

Defendant has made good-faith efforts to prevent discrimination and retaliation in its workplace, and thus cannot be liable for the decisions of its agents, or for punitive, liquidated

damages, to the extent the challenged employment decisions were contrary to its efforts to comply with any anti-discrimination and/or anti-retaliation statutes.

### SEVENTH DEFENSE

To the extent Plaintiff seeks an award of liquidated damages, such damages are unavailable under applicable law and/or are barred based on Defendant's good faith efforts to comply with the law.

### EIGHTH DEFENSE

Plaintiff's claims should be dismissed to the extent she failed to provide proper notice of her entitlement to protected leave, failed to provide proper medical certification, and/or was not entitled to or eligible for leave or other benefits under the FMLA.

### NINTH DEFENSE

Plaintiff's claims are barred because Defendant did not interfere with Plaintiff seeking to exercise her rights under FMLA.

### TENTH DEFENSE

Plaintiff's claims are barred because Plaintiff's exercise of her rights under the FMLA was not the "but for" cause of her separation of employment.

### ELEVENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations, after-acquired evidence doctrine or the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

### TWELFTH DEFENSE

This Court lacks subject matter jurisdiction to the extent Plaintiff's claims raise "minor disputes" within the meaning of the Railway Labor Act.

**RESERVATION**

Defendant FRONTIER AIRLINES, INC. reserves the right to move this Court to amend the foregoing defenses and/or add defenses based on information obtained during discovery.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. requests

1. That judgment be entered in favor of Defendant and against Plaintiff;

2. That the Complaint be dismissed with prejudice;

3. That Defendant be awarded its costs; and

4. That Defendant be granted such other and further relief as this Court may deem just and proper.

Dated this 18th day of August, 2017.

        Respectfully submitted,

        LITTLER MENDELSON, P.C.
        111 North Magnolia Avenue, Suite 1250
        Orlando, Florida 32801
        Telephone: (407) 393-2900
        Facsimile: (407) 393-2929

By: */s/ Kimberly J. Doud*
        Anthony J. Hall, Esquire
        Florida Bar No.: 040924
        Email: ajhall@littler.com

        Kimberly J. Doud, Esquire
        Florida Bar No.: 523771
        Email: kdoud@littler.com

        Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of August, 2017, a true and correct copy is being sent via email to: Matthew R. Gunter, Esquire, Morgan & Morgan, P.A., 20 N. Orange Avenue, Suite 1600, Orlando, Florida 32801, email: mgunter@forthepeople.com.

        */s/ Kimberly J. Doud*
        Kimberly J. Doud, Esquire

Firmwide:149418093.1 057446.1012